FILED
2005 Jan-18 PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>MIDDLE DIVISION</u>

| | |
|---|---|
| MICHAEL LEROY THOMAS, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 02-H-2071-S |
| RALPH HOOKS, Warden; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

<u>MEMORANDUM OF OPINION</u>

On January 6, 2005, petitioner filed Written Objections to the Magistrate Judge's Findings and Recommendation. In the objections, petitioner seeks to show cause for his failure to file a petition for writ of certiorari to the Alabama Supreme Court by stating:

> "Petitioner hired (retained) Wayne Johnson – Paralegal Services of Alabama – to do Petitioner's Rule 32, Appeal to Criminal Court of Appeals and was retained to do Application for rehearing, as well as writ of certiorari to the Supreme Court of Alabama. Mr. Wayne Johnson was on vacation and arrested in Florida on or after April 19, 2002 when the Criminal Court of Appeals gave their Final Judgment.
>
> Petitioner was in segregation at the time and had no knowledge of the law nor records of the Rule 32 and Brief filed to the Criminal Court of Appeals by Mr. Wayne Johnson – of Paralegal Services of Alabama."

(Doc. 41, pp. 1-2).

To the extent that petitioner claims the ineffective assistance of his paralegal as cause for his procedural default, the ineffectiveness of a paralegal certainly cannot constitute cause inasmuch as the ineffective assistance of counsel in a state post conviction proceeding cannot constitute cause.

*Coleman v. Thompson*, 501 U.S. 722 (1991); *Johnson v. Singletary*, 938 F.2d 1166, 1175 (11th Cir. 1991). Further, petitioner's ignorance of his need to file a petition for writ of certiorari cannot excuse his procedural default. *Tower v. Phillips*, 7 F.3d 206 (11th Cir. 1993).

Based on the foregoing the objections are due to be overruled. A separate final judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 18th day of January, 2005.

/s/ James H. Hancock
SENIOR UNITED STATES DISTRICT JUDGE